IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No: 1:22cr32-AW/MAL

JOSEPH HARDING
_____/

## MOTION FOR PROTECTIVE ORDER CONCERNING DISCLOSURE OF RULE 16 DISCOVERY INFORMATION

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney and moves this Court for a Protective Order concerning the disclosure of information required to be provided by the government pursuant to Federal Rules of Criminal Procedure, Rule 16¸ *Brady* and *Giglio*, and as grounds therefore states:

1. On or about December 6, 2022, an indictment charging two counts of wire fraud, two counts of money laundering, and two counts of making false statements was returned against the above-named Defendant. (Doc. 1).

2. On December 7, 2022, an arraignment was held in the Defendant's case. (Doc. 11). Attorney Peg O'Connor was privately retained to represent the Defendant. (Doc. 11).

3. The defense has requested discovery from the government on behalf of the Defendant.

1

4. Based upon the nature of the crimes alleged in the indictment, the government's discovery materials include names, social security numbers, dates of birth, addresses, and other personally identifiable information of potential witnesses and third-parties. In particular, the discovery in this case also include <u>taxpayer return information</u>[1] and the <u>taxpayer identity</u>[2] of witnesses in this case and of third-parties.

5. In order to provide discovery in this case, the government is faced with three options concerning the discovery materials which contain the personal identifying information of other individuals and businesses: (1) only allow defense counsel – whose office is in another state – to inspect the discovery materials at the United States Attorney's Office; (2) redact the subject discovery materials, which could inadvertently result in redaction of pieces of information needed by the defense; or, (3) request permission from this Court to provide the subject discovery materials and request a Protective Order prohibiting defense counsel from providing the discovery materials to any persons outside their office, except for any defense experts who are retained and/or consulted on this case (with further order that such experts are prohibited from disseminating said discovery materials outside his/her office, and upon conclusion of this case, all discovery materials must be returned to

---

[1] As defined in Title 26 U.S.C. § 6103.
[2] *Id.*

defense counsel's office), and in the event copies need to be provided to the defendant, require defense counsel to redact the personal identifying information (including names, social security numbers, dates of birth, addresses, education history, and other personally identifiable information) of any uncharged persons or businesses.

6. Federal Rules of Criminal Procedure, Rule 16(d)(1) provides,

**(d)    Regulating Discovery.**

(1)    **Protective and Modifying Orders.** At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

7. The undersigned has consulted defense counsel on December 14, 2022, and she indicated that she does not object to such a Protective Order being entered.

WHEREFORE, the government seeks a Protective Order from the Court that (1) authorizes the government to provide copies of its discovery materials which contain personal identifying information of other individuals and entities; (2) prohibits defense counsel from providing copies of said discovery materials to any persons outside his/her office except for any defense experts who are retained and/or consulted on this case (with further order that such experts are prohibited from disseminating said discovery materials outside his/her office, and upon

3

conclusion of this case, all discovery materials must be returned to defense counsel's office); and (3) in the event that defense counsel needs to provide copies of said discovery material to the Defendant, <u>other than when she reviews such materials with the Defendant in-person and does not give any material to the Defendant to retain, copy, or possess after the in-person review concludes</u>, requires defense counsel to first redact the personal identifying information (including names, social security numbers, dates of birth, addresses, taxpayer return information, taxpayer identities, and other personally identifiable information) of any uncharged individual or entity from the document(s).

    Respectfully submitted,

    JASON R. COODY
    United States Attorney

    */s/ Justin M. Keen*
    JUSTIN M. KEEN
    Assistant United States Attorney
    Florida Bar Number: 021034
    111 North Adams Street, Fourth Floor
    Tallahassee, FL 32301
    Justin.Keen@usdoj.gov
    (850) 942-8430

## RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that Peg O'Connor, Esq. has been consulted concerning this motion, and she does NOT object to the motion.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum complies with the type-volume limitation of Local Rule 7.1(F) because this pleading contains 875 words.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 22nd day of December, 2022, which will send notification of such filing to all counsel of record.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney